ALBERT ROBINSON,

Plaintiff,

v.

SECTION 23 PROPERTY OWNER'S
ASSOCIATION, INC., et al.,

Defendants.

1:16-cv-09384-NLH-JS

**OPINION**

**APPEARANCES:**

ALBERT ROBINSON
P.O. BOX 1961
SUWANEE, GA 30024
     *Plaintiff appearing pro se*

GREGG DOUGLAS WEINSTOCK
VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER LLP
300 GARDEN CITY PLAZA
SUITE 308
GARDEN CITY, NY 11 530
     *On behalf of Defendants Section 23, Property Owner's
     Association, Inc., James Shaefer, John McNamara, Auto
     Owners Insurance Co., The Law Firm of Henderson, Franklin,
     Starnes & Holt, P.A., Richard Barton Akin, II, Michael Paul
     Versnik, and Patricia Schaefer*

DAVID JAMES MELVIN
FRESH LEGAL PERSPECTIVE, PL
6930 W. LINEBAUGH AVE
TAMPA, FL 33625
     *On behalf of Keathel Chauncey, Fresh Legal Perspective,
     Ellie Teng, Scott Hundley, Zachary Heathcote, Suzanne
     Barnhart, Bruce Emerson, Bonafide Properties, LLC, David
     Melvin, and Chelsea Smith-Scott*

GARY ROBERT SHENDELL
LINDSAY SAMANTHA KATZ
SHENDELL & POLLOCK P.L.
2700 N. MILITARY TRAIL
SUITE 150
BOCA RATON, FL 33431
      *On behalf of Defendants Curtright Collins Truitt and The
      Law Firm of Curtright C. Truitt PA*

STAN WISNIEWSKI
25164 MARION AVENUE
PUNTA GORDA, FL 33950
      *Defendant appearing pro se*

STEVEN JOSEPH BUTCHER
1720 E C478
WEBSTER, FL 33597
      *Defendant appearing pro se*

JAMIE ELAINE MILLER
1720 E C478
WEBSTER, FL 33597
      *Defendant appearing pro se*

DEVIN CRAIG SHULER
18081 BRACKEN CIRCLE
PORT CHARLOTTE, FL 33948
      *Defendant appearing pro se*

DAVID KEITH OAKS
P.O. BOX 473
LYNN, NC 28750-0473
      *Defendant appearing pro se*

**HILLMAN**, District Judge

Plaintiff, Albert Robinson, appearing *pro se*, claims that the various actions of the twenty-six individual and corporate defendants relating to the possession and ultimate foreclosure of his mother's home in Punta Gorda, Florida, where he and his family resided, constituted a massive conspiracy under the Racketeering Influenced Corrupt Organization Act (RICO), among

other claims.  Pending before the Court are the motions of
Defendants to dismiss Plaintiff's claims, primarily on the basis
of lack of personal jurisdiction and improper venue.  Several of
the Defendants have moved for sanctions.  Also pending are eight
motions filed by Plaintiff for relief in his favor.  For the
reasons expressed below, Plaintiff's claims against all
Defendants will be dismissed with prejudice and all other
motions will be denied.

**BACKGROUND**

Jane B. Robinson, as trustee for the Jane B. Robinson
revocable trust, owned a home at 25264 Padre Lane, Punta Gorda,
Charlotte County, Florida.  On August 1, 2014, the community
development manager, Section 23 Property Owners Association,
Inc. ("Section 23"), filed a foreclosure action in the state
court in Charlotte County.[1]  Plaintiff, Albert Robinson, the son
of Jane B. Robinson, lived in the home.  Plaintiff disputed the
foreclosure on several bases, including a bankruptcy case
relating to Jane B. Robinson pending in the Bankruptcy Court for
the District of New Jersey.[2]

---

[1] Previously, Section 23 filed suit in Florida state court
against Plaintiff for violating certain deed restrictions.
Section 23 imposed fines on Plaintiff for parking a truck on the
grass and street and allowing garbage cans to be visible from
the street.

[2] In re Jane Barbara Robinson, 14-34718-JNP (Bankr. D.N.J.).

On September 21, 2015, the state court entered a final summary judgment of foreclosure in favor of Section 23 and set a foreclosure sale to occur on October 12, 2015. Defendant Keathel Chauncey, as trustee for the 25264 Padre Ln Land Trust, was the successful bidder at the foreclosure sale and was issued a certificate of title. On November 24, 2015, Chauncey moved the state court to vacate the sale due to questions regarding the automatic stay in Jane Robinson's bankruptcy case. The court held a hearing on the motion on January 11, 2016, determined that the sale did not violate the automatic stay, and found that the sale should be upheld.

On December 24, 2015, Plaintiff appealed the case to the Florida Second District Court of Appeals. Plaintiff withdrew the appeal after the court issued a notice to show cause regarding Plaintiff's failure to file his initial brief. On March 1, 2016, Chauncey received a Writ of Possession for the property, which required Plaintiff to vacate the premises.

During this time and thereafter, Plaintiff filed many cases against the same Defendants here and others in Florida state court,[3] the Middle District of Florida, the Southern District of

---

[3] On September 14, 2017, after Plaintiff filed over twelve cases in Florida state court from January 2014 through March 2017, the Florida state court found Plaintiff to be a "vexatious litigant" pursuant to Florida Statute § 68.093, and the Florida state court entered a litigation preclusion order against Plaintiff that requires the court's permission before Plaintiff may file

Florida,[4] and New Jersey state court.[5]  The subject of all of
his cases, including this case, arises out of his residence at
his mother's home in Florida.  Beginning with disputes over the
enforcement of deed restrictions, such as parking and property
maintenance, Plaintiff's cases have evolved into claims against
essentially every person or entity that has been involved either
directly or indirectly in the ultimate foreclosure of the Punta
Gorda house and his resulting eviction from the property.  The
main thrust of Plaintiff's claims is that all the Defendants
have conspired to illegally purchase his mother's home and steal
all of his personal and intellectual property inside.  Plaintiff
alleges that Defendants have done so to quash his investigation
of their international money laundering and fraud scheme.

---

any new suit in that court.  (See Docket No. 70 at 182-195.)
The Florida state court noted that the Texas state court had
deemed Plaintiff to be a vexatious litigant on December 18,
2014.  (Id. at 194.)

[4] Plaintiff filed several cases in the Middle District of Florida
and the Southern District of Florida, all of which were
dismissed for various reasons.  See Robinson v. Section 23 POA,
et al., 12-cv-675-FtM-29CM (M.D. Fla., dismissed on September 2,
2014); Robinson v. Oaks, et al., 15-cv-242-FtM-38DNF (M.D. Fla.,
dismissed and affirmed by the 11th Circuit on August 6, 2015);
Robinson v. Teng, et al., 16-cv-80488-CIV-MARRA (S.D. Fla.,
dismissed and transferred to M.D. Fla. On March 30, 2016);
Robinson v. Section 23, et al., 2:16-cv-14127-JEM (S.D. Fla.,
dismissed without prejudice to refiling in M.D. Fla. on October
17, 2016).

[5] Robinson v. Oaks, et al., CUML000476-16 (N.J. Super. Ct.,
dismissed on July 27, 2018).

Defendants have moved to dismiss Plaintiff's claims, primarily because this Court cannot exercise personal jurisdiction over them, and because venue for Plaintiff's claims is improper here. (Docket No. 23, 51, 55, 58, 63, 70, 72, 89, 95, 97, 102, 110.) Several Defendants have also moved for sanctions against Plaintiff. (Docket No. 101.) Plaintiff filed an omnibus opposition to Defendants' motions (Docket No. 116), and he has filed two motions for summary judgment in his favor (Docket No. 81, 91), as well as motions for default judgment and other miscellaneous motions (Docket No. 75, 87, 90, 115, 124). The Court has reviewed all the motions, in addition to all the parties' correspondence directed to the Court.

## DISCUSSION

### A.  Subject matter jurisdiction

Plaintiff asserts that this Court has subject matter jurisdiction over his federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over his state law claim pursuant to 28 U.S.C. § 1367.

### B.  Analysis

Defendants argue that because they are citizens of Florida and otherwise have no contacts with New Jersey this Court may not exercise personal jurisdiction over them without violating due process. Defendants also argue that New Jersey is not the proper venue for Plaintiff's claims because the property at

issue is located, and Plaintiff's allegations regarding Defendants' actions relative to the property and the fraud scheme in general all arise, in Florida.

Plaintiff claims that personal jurisdiction and venue are proper here because of a "Terms and Conditions" provision in a contract he posted at the Punta Gorda home while he was living there. That document states, "By entering the property . . . you agree to litigate any and all claims . . . directed towards the Robinsons in the US District Court chosen by the Robinsons." (Docket No. 10-17 at 65.) Plaintiff contends this is a mutual agreement between Plaintiff and Defendants, and they have therefore consented to appear in this Court – the U.S. District Court of his choosing. Plaintiff also argues that because Section 23 sent numerous letters to him in New Jersey it has sufficient minimum contacts with New Jersey. Plaintiff further argues that because he has established sufficient contacts for one Defendant, jurisdiction over the other Defendants is satisfied for his RICO claims.

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant. "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150

(3d Cir. 2001)).  In deciding a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir.), cert. denied, 506 U.S. 817 (1992) (citations omitted).

A defendant is subject to the jurisdiction of a United States district court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]"  Fed. R. Civ. P. 4(k)(1)(A).  "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law."  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citations omitted).  The New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process."  IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (citing DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981)).

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting

<u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)).

A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum State,'" thereby invoking "'the benefits and protections of [the forum State's] laws.'"  <u>Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California</u>, 480 U.S. 102, 109 (1987) (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985)).  This "purposeful availment" requirement assures that the defendant could reasonably anticipate being haled into court in the forum and is not haled into a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state.  <u>See</u> <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980); <u>see also</u> <u>Burger King Corp.</u>, 471 U.S. at 472, 475 (internal citations omitted).

In deciding whether a defendant's contacts with a forum are sufficient to confer personal jurisdiction over that party, the Court must consider whether such contacts are related to or arise out of the cause of action at issue in the case.  The Court may exercise specific personal jurisdiction over a defendant where the cause of action is related to or arises out of activities by the defendant that took place within the forum state.  <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 n.8 (1984).  If the cause of action has no relationship to a defendant's contacts with a forum state, the

Court may nonetheless exercise general personal jurisdiction if the defendant has conducted "continuous and systematic" business activities in the forum state. Id. at 416.

Once the Court determines that the defendant has minimum contacts with the forum state, it must also consider whether the assertion of personal jurisdiction over the defendant "comport[s] with 'fair play and substantial justice'" to satisfy the due process test. Burger King Corp., 471 U.S. at 476 (quoting Int'l Shoe, 326 U.S. at 320). In this regard, it must be reasonable to require the defendant to litigate the suit in the forum state, and a court may consider the following factors to determine reasonableness: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining an efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. Id. at 477 (citing World Wide Volkswagen, 444 U.S. at 292).[6]

---

[6] In the case of an intentional tort, the "effects test" may be applied. The Calder "effects test" requires the plaintiff to show the following:

(1) The defendant committed an intentional tort;

(2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of

Here, Plaintiff has not established that any Defendant had or has any contact with New Jersey whatsoever, let alone "minimum contacts." Plaintiff has also failed to provide any proof that his claims are related to or arise out of activities by Defendants that took place in New Jersey, and he has failed to provide any proof that Defendants have conducted "continuous and systematic" business activities in New Jersey. Defendants are all Florida or out-of-state individuals or entities involved in the alleged fraud scheme that arose in Florida and allegedly victimized Plaintiff in Florida by depriving him of a tenancy in his mother's Florida home.

Neither the unilateral activities of Plaintiff in New Jersey, nor the "unilateral expectation that his involvement in any U.S. litigation would occur in New Jersey, are relevant to

---

the harm suffered by the plaintiff as a result of that tort;

(3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 265-66 (3d Cir. 1998). "[I]n order to make out the third prong of this test, the plaintiff must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." Id. For the same reasons expressed below with regard to specific and general jurisdiction, the effects test does not confer personal jurisdiction over Defendants.

this jurisdictional analysis." <u>Al-Ghena Intern. Corp. v.</u> <u>Radwan</u>, 957 F. Supp. 2d 511, 530 (D.N.J. 2013) (citing <u>Hanson v.</u> <u>Denckla</u>, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State . . . . [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."). Simply because Plaintiff filed suit here, and claims that a fraud scheme that started in Florida is affecting other alleged victims in the entire United States, including New Jersey, is not sufficient to satisfy due process or justify haling these non-forum Defendants into this Court. <u>See, e.g.</u>, <u>Al-Ghena Intern. Corp.</u>, 957 F. Supp. 2d at 529 (in a case that alleged violations of federal and New Jersey RICO laws and Florida's Civil Remedies for Criminal Practices Act, as well as various related common law causes of action, including fraud, conversion, conspiracy, breach of fiduciary duty, and unjust enrichment, all arising from a soured business deal to develop a boutique hotel in Fort Lauderdale, Florida, finding no personal jurisdiction over the defendants in New Jersey where the racketeering allegations in the complaint, including the appendix of supporting documentation, did not contain a single factual allegation

specifically tied to New Jersey, instead simply alleged generally that the defendants' racketeering activity occurred in New Jersey and elsewhere).

Additionally, the domicile of the owner of the Punta Gorda property is of no consequence to the personal jurisdiction analysis as applied to these Defendants.  To the contrary, the location of the property owner is only relevant to the issue of personal jurisdiction over the property owner to the extent that an out-of-state property owner can be subject to the jurisdiction of a court and suit in the state where she owns the property.  See Rush v. Savchuk, 444 U.S. 320, 328 (1980) (explaining that the ownership of property in a state is a contact between the defendant and the forum that may establish personal jurisdiction over the defendant).  Thus, Plaintiff's mother's New Jersey residence cannot confer personal jurisdiction over the out-of-state Defendants.

Nor does Plaintiff's mother's bankruptcy filing establish minimum contacts between Defendants and New Jersey.  The Punta Gorda house was listed as an asset in Jane Robinson's schedule of assets when she filed for Chapter 7 bankruptcy on December 8, 2014.  A discharge of debtor was entered on March 27, 2015, which prohibited any attempt to collect from the debtor a debt that has been discharged.  (See 14-34718, Bankr. D.N.J., Docket No. 10.)

That discharge did not automatically discharge any liens on
the Florida property. (Id.; "[A] creditor may have the right to
enforce a valid lien, such as a mortgage or security interest,
against a debtor's property after the bankruptcy, if that lien
was not avoided or eliminated in the bankruptcy case.")
Ultimately, on October 13, 2015, the Trustee proposed to abandon
the property as being of inconsequential value because of the
nominal difference between the outstanding mortgage lien and the
property's value. (See 14-34718, Bankr. D.N.J., Docket No. 28.)
When no objection was received, the property was deemed
abandoned on November 4, 2015, and the bankruptcy case closed on
November 20, 2015. (See 14-34718, Bankr. D.N.J., Docket No. 32,
33.)

    As noted above, by motion of the trustee of the property,
the Florida state court determined that the sale did not violate
the automatic stay, and found that the sale should be upheld.
Plaintiff withdrew his appeal on that issue. Even though the
state court proceedings that resulted in the foreclosure of Jane
Robinson's property and Plaintiff's eviction are the basis for
Plaintiff's complaint, the interplay between a New Jersey
bankruptcy case that listed the property as an asset and
Plaintiff's conspiracy claims does not present a sufficient
contact between Defendants and this Court, particularly when
Plaintiff does not claim that he held any legal interest in the

property other than being a tenant.  This Court cannot reassess

the propriety of the state court's decision relating to the

foreclosure of Jane Robinson's property.  See, e.g., Gage v.

Wells Fargo Bank, NA AS, 521 F. App'x 49, 50–51 (3d Cir. 2013)

(citing Great Western Mining & Mineral Co. v. Fox Rothschild

LLP, 615 F.3d 159, 166 (3d Cir. 2010) (other citation omitted).

("Pursuant to the Rooker–Feldman doctrine, federal courts

generally lack subject matter jurisdiction to engage in

appellate review of state court determinations.  Four

requirements must be met for the doctrine to apply: (1) the

plaintiff lost in state court; (2) the plaintiff complains of

injury caused by the state court judgment; (3) the state court

judgment was rendered before the federal suit was filed; and (4)

the plaintiff invites the district court to review and reject

the state court judgment. All four requirements are met with

respect to Gage's claims against Wells Fargo. Gage cannot evade

Rooker–Feldman by arguing on appeal that he was not injured by

the foreclosure judgment, but rather by Wells Fargo's

purportedly fraudulent actions. The complaint reveals the nature

of Gage's claims against Wells Fargo: that the bank had no right

to foreclose on the property and therefore committed "criminal

acts" by enforcing the foreclosure judgment.").

     Moreover, Plaintiff is not a resident of New Jersey but

rather resides in Georgia,[7] which is also a factor against exercising personal jurisdiction over Defendants. See Al-Ghena Intern. Corp., 957 F. Supp. 2d at 529-30 (citing Marten v. Godwin, 499 F.3d 290, 298 (3d Cir. 2007) ([A] plaintiff's residence is relevant to the 'jurisdictional inquiry' insofar as residence in the forum may, because of defendant's relationship with the plaintiff, enhance defendant's contacts with the forum. However, the state of a plaintiff's residence does not on its own create jurisdiction over nonresident defendants").

With regard to the letters Defendant Section 23 sent to Plaintiff in New Jersey, Plaintiff has not specifically provided those letters as evidence to refute Section 23's challenge to personal jurisdiction.[8] That failure is instantly fatal to Plaintiff's argument, because once the defense of lack of personal jurisdiction is raised, "then the plaintiff must

---

[7] When Plaintiff filed his complaint, he listed a P.O. Box in North Port, Florida as his address. Plaintiff claims that he has temporarily relocated to Georgia because of Defendants' harassment.

[8] The letters are not attached to an exhibit to Plaintiff's opposition to Section 23's motion to dismiss. (See Docket No. 116.) Even if those letters are filed on the docket elsewhere, that does not satisfy Plaintiff's burden in opposing Defendants' motions. See Sunoco, Inc. (R & M) v. MX Wholesale Fuel Corp., 565 F. Supp. 2d 572, 577 (D.N.J. 2008) (quoting Albrechtsen v. Board of Regents of University of Wisconsin System, 309 F.3d 433, 436 (7th Cir. 2002) (stating "'Judges are not like pigs, hunting for truffles buried in' the record.")).

sustain its burden of proof in establishing jurisdictional facts

through sworn affidavits or other competent evidence. . . . [A]t

no point may a plaintiff rely on the bare pleadings alone in

order to withstand a defendant's Rule 12(b)(2) motion to dismiss

for lack of *in personam* jurisdiction.  Once the motion is made,

plaintiff must respond with actual proofs, not mere

allegations."  <u>Time Share Vacation Club v. Atlantic Resorts,</u>

<u>Ltd.</u>, 735 F.2d 61, 66 n.9 (3d Cir. 1984) (citation omitted).

Moreover, that Section 23 mailed to Plaintiff in New Jersey

– or perhaps more likely mailed something to the property owner,

Plaintiff's mother – several letters related to the Florida

property is not sufficient to establish personal jurisdiction

over Section 23.  Ostensibly, when the community development

management company is required to communicate with Plaintiff or

his mother about the property it managed, and neither Plaintiff

nor his mother were residing in the property, it would be

necessary to mail the communication to wherever Plaintiff or his

mother was located at the time, whether it be in New Jersey or

any other state.  Such communications do not constitute Section

23's purposeful availment of the laws and the protection of the

courts in New Jersey, and do not satisfy the requisite contacts

to establish personal jurisdiction over Section 23.[9]  <u>See, e.g.,</u>

---

[9] To the extent that Section 23 mailed Plaintiff letters while he
was in New Jersey in response to Plaintiff's numerous lawsuits

IMO Industries, Inc. v. Kiekert AG, 155 F.3d 254, 267–68 (3d Cir. 1998) ("[C]ases like Southmark and Far West make clear that a few calls or letters into the forum may be of only marginal import if the dispute is focused outside the forum."); Isaacs v. Arizona Bd. of Regents, 608 F. App'x 70, 75 (3d Cir. 2015) ("The allegations in the amended complaint have nothing to do with Pennsylvania, the alleged harms did not occur in Pennsylvania, and these defendants do not purposely avail themselves of the privileges of conducting activities within Pennsylvania to the degree necessary to confer jurisdiction. Personal jurisdiction is not established by the mailing of a few letters to [Plaintiff] after he returned to his home in Pennsylvania . . . .").

Finally, Plaintiff's "contract" posted on the door of the Punta Gorda property that stated any person who entered the property agreed to his choice of forum for any legal dispute is insufficient to confer personal jurisdiction over Defendants. Putting aside all the obvious deficiencies of that purported "contract," including the fact that most of the Defendants did

---

against Section 23, such communications also do not establish Section 23's minimum contacts with New Jersey. That the Court must surmise the nature of the purported letters sent to Plaintiff in New Jersey illuminates the very reason actual proof – and not mere allegations – are required to establish personal jurisdiction over a defendant.

not actually enter the residence while he was living there, a "contract may provide a basis for the exercise of personal jurisdiction that meets due process standards, but a contract alone does not 'automatically establish sufficient minimum contacts in the other party's home forum.'" Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993) (quoting Burger King, 471 U.S. at 478). Without any actual proof that Defendants have any meaningful contacts with New Jersey, this Court cannot exercise personal jurisdiction of them.[10]

"Essentially, before hearing a case, a court must ask whether the quality and nature of the defendant's activity is such that it is reasonable and fair to require [that it] conduct [its] defense in that state." Kulko v. Superior Court of California, 436 U.S. 84, 92 (1978). It is clear that Plaintiff has not met his burden of establishing that any of the

---

[10] Because Plaintiff has not established personal jurisdiction over Section 23 or any other Defendant, the Court need not address Plaintiff's argument that under RICO the exercise of personal jurisdiction over one defendant permits the Court to exercise personal jurisdiction over all conspirators. See 18 U.S.C. § 1965(b) ("In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.").

Defendants have purposely availed themselves of the "privilege of conducting activities within" New Jersey, either specifically relating to Plaintiff's claims against them or generally for other purposes, such that this Court's exercise of personal jurisdiction over them would be fair and just.

The remedy for the lack of personal jurisdiction over Defendants is either dismissing the action or transferring the case to another district. Corigliano v. Classic Motor, Inc., 611 F. App'x 77, 81 (3d Cir. 2015) (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465–66 (1962); Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 218 n.9 (3d Cir. 2002)) (explaining that under 28 U.S.C. § 1631, "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action  . . . could have been brought at the time it was filed . . . .").  Whether to dismiss Plaintiff's complaint or transfer Plaintiff's case to the Middle District of Florida raises the issues presented by Defendants' motion for sanctions pursuant to Federal Civil Procedure Rule 11.[11]

---

[11] The motion for sanctions was filed by Defendants Section 23, Property Owner's Association, Inc., James Shaefer, John McNamara, Auto Owners Insurance Co., The Law Firm of Henderson, Franklin, Starnes & Holt, P.A., Richard Barton Akin, II, Michael Paul Versnik, and Patricia Schaefer.  (Docket No. 101.)  The other Defendants have not filed a formal motion for sanctions,

Defendants relate:

Robinson's conduct in filing numerous frivolous pleading[s] in numerous jurisdictions is exactly the type that Rule 11 was designed to deter. Robinson's incessant filing of meritless pleadings is an explicit abuse of the judicial system and amounts to nothing less than harassment. Robinson is indiscriminant in his claims and has gone so far as to bring meritless actions against individuals who committed no other offense than having the mere misfortune of living next to the property at issue. His claims are unsupported by evidence and are absolutely unreasonable.

Furthermore, these exact claims have been exhaustively litigated in Florida. The underlying property dispute began ten (10) years ago in 2008 and was originally brought in the United States District Court for the Southern District of Florida. This case was dismissed in its entirety. Additionally, Robinson brought an identical action in New Jersey Superior Court, Cumberland County in 2016 which was also dismissed in its entirety. Since this dismissal, Robinson has continued to bring frivolous and meritless claims against Defendants in New Jersey, despite it being a wholly improper forum. Robinson is fully aware of all dismissals and has been warned by the courts in the state of Florida that he is barred from bringing any future litigation regarding this matter in Florida without assistance of counsel. Robinson's decision to bring an action that is essentially identical to the ones he is barred from bringing in Florida is a clear attempt to relitigate unsuccessful claims in a new and improper forum. Furthermore, his attempt to bring an action in the present forum is a textbook example of attempting to relitigate an unsuccessful state court claim and is therefore violates the restrictions of Rule 11.

Sanctions are absolutely appropriate in this matter regardless that Robinson is a pro se plaintiff. He has persisted regardless that his cause is clearly "hopeless" and despite being repeatedly rejected by the courts of both Florida and New Jersey. As a result of the warnings and dismissals, it should have been clear to him as a reasonable person that his cause was meritless and that

_____

but they have requested that Plaintiff's complaint be dismissed with prejudice.

pursing it further would be frivolous.

(Docket No. 101-1 at 8-9.)  Defendants seek attorneys' fees,

costs, and expenses, and seek to enjoin him from pursuing his

repetitive claims in this Court and in any other Court.

Rule 11 provides,

By presenting to the court a pleading, written motion, or
other paper—whether by signing, filing, submitting, or
later advocating it—an attorney or unrepresented party
certifies that to the best of the person's knowledge,
information, and belief, formed after an inquiry reasonable
under the circumstances:

(1) it is not being presented for any improper purpose,
such as to harass, cause unnecessary delay, or needlessly
increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are
warranted by existing law or by a nonfrivolous argument for
extending, modifying, or reversing existing law or for
establishing new law;

(3) the factual contentions have evidentiary support or, if
specifically so identified, will likely have evidentiary
support after a reasonable opportunity for further
investigation or discovery; and

(4) the denials of factual contentions are warranted on the
evidence or, if specifically so identified, are reasonably
based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  There are two procedural requirements of

a motion filed for sanctions against a party for Rule 11(b)

violations – (1) "A motion for sanctions must be made separately

from any other motion and must describe the specific conduct

that allegedly violates Rule 11(b)"; and (2) "The motion must be

served under Rule 5, but it must not be filed or be presented to

22

the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

Even though Defendants complied with the first procedural requirement of Rule 11(c)(2), Defendants have not shown that they followed the requirements to serve Plaintiff with their motion and provide the 21-day notice period before filing the motion. The Court cannot consider Defendants' motion as a result. See Metropolitan Life Ins. Co. v. Kalenevitch, 502 F. App'x 123, 125 (3d Cir. 2012) (quoting In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008) ("If the twenty-one day period is not provided, the [Rule 11] motion must be denied.").

Whether this Court may sanction Plaintiff is not, however, stymied by Defendants' procedural misstep. "It is well within the broad scope of the All Writs Act [28 U.S.C. § 1651(a)] for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that already have been adjudicated." In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). "The interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets have been deemed

sufficient by a number of courts to warrant such a prohibition against relitigation of claims." Id. (citation omitted). "In appropriate circumstances, courts have gone beyond prohibitions against relitigation and enjoined persons from filing any further claims of any sort without the permission of the court." Id. (citation omitted).

Because "any such order is an extreme remedy, and should be used only in exigent circumstances," id., a district court may enjoin a pro se litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case. Grossberger v. Ruane, 535 F. App'x 84, 86 (3d Cir. 2013) (citing Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)).

Although Plaintiff's instant case is the first one he filed in the District of New Jersey, he has subsequently filed two essentially identical actions in this Court.[12]  This Court's independent review of all his other cases reveals that

_____

[12] ROBINSON v. SECTION 23, PROPERTY OWNER'S ASSOCIATION, INC. et al., 1:18-cv-09658-NLH-JS; ROBINSON v. VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER, LLP et al., 1:18-cv-15352-NLH-JS.

Plaintiff's claims are the same every time, with minor
variations as to defendants and allegations. Further, where
personal jurisdiction can be established and venue is proper,
i.e., Florida state court and the Middle District of Florida,
Plaintiff has either been barred from filing cases there, or has
chosen to litigate elsewhere, like Texas state court (where he
is also barred), the Southern District of Florida, New Jersey
state court, and now this Court,[13] where personal jurisdiction is
lacking, venue is improper, or both.[14]

    At the time Plaintiff filed his first case here, the Court

---

[13] Plaintiff also attempted to intervene in his mother's
bankruptcy action and advance the same fraud scheme allegations
against many of the same defendants. The bankruptcy court
denied his motion, as well as his motion for reconsideration.
See In re Jane Barbara Robinson, 14-34718-JNP (Bankr. D.N.J.)
(Docket No. 38, 47, 55, 56).

[14] Because the Court finds that Plaintiff's case is dismissible
for lack of personal jurisdiction over all the Defendants, the
Court does not need to reach the venue question. Rocke v.
Pebble Beach Co., 541 F. App'x 208, 209 (3d Cir. 2013). The
Court notes, however, it is evident that the federal court venue
provision has not been met. See 28 U.S.C. § 1391(b) ("A civil
action wherein jurisdiction is not founded solely on diversity
of citizenship may, except as otherwise provided by law, be
brought only in (1) a judicial district where any defendant
resides, if all defendants reside in the same State, (2) a
judicial district in which a substantial part of the events or
omissions giving rise to the claim occurred, or a substantial
part of property that is the subject to the action is situated,
or (3) a judicial district in which any defendant may be found,
if there is no district in which the action may otherwise be
brought.").

was empowered to *sua sponte* screen Plaintiff's complaint because

he filed it was filed pursuant to 28 U.S.C. § 1915(a)(1) seeking

to proceed without prepayment of fees ("in forma pauperis" or

"IFP").[15] See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v.

Famiglio, 726 F.3d 448, 452 (3d Cir. 2013) (explaining that the

screening provisions of the IFP statute require a federal court

to dismiss an action *sua sponte* if, among other things, the

action is frivolous or malicious, or if it fails to comply with

the proper pleading standards).  The Court could not, however,

*sua sponte* determine that personal jurisdiction was lacking or

that venue was improper.  See In re: Asbestos Products Liability

Litigation, 661 F. App'x 173, 177 (3d Cir. 2016) (quoting J.

McIntyre Machinery, Ltd. v. Nicastro, 564 U.S. 873, 884 (2011;

Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,

456 U.S. 694, 703 (1982) ("Personal jurisdiction restricts

judicial power not as a matter of sovereignty, but as a matter

of individual liberty, for due process protects the individual's

right to be subject only to lawful power."  "Because the

requirement of personal jurisdiction represents first of all an

individual right, it can, like other such rights, be waived.");

Fiorani v. Chrysler Group, 510 F. App'x 109, 111 (3d Cir. 2013)

---

[15] The Court granted Plaintiff's IFP application and directed
that service of process be provided by the government. (Docket
No. 5.)

(quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)

("District courts generally should not dismiss *in forma pauperis*

complaints for improper venue. As we have previously explained,

28 U.S.C. § 1915 contains no express authorization for a

dismissal for lack of venue. In the absence of any such

statutory authority, it is inappropriate for the trial court to

dispose of the case *sua sponte* on an objection to the complaint

which would be waived if not raised by the defendant(s) in a

timely manner.").

Now, however, the Court may consider whether Plaintiff's

instant case, as well as his essentially identical cases also

pending before this Court, are frivolous or malicious, and

whether the Court should enjoin Plaintiff from filing future

cases in this District without first seeking leave of Court.

See, e.g., *Kundratic v. Polachek-Gartley*, 644 F. App'x 123, 125

(3d Cir. 2016) (stating that in a nearly identical prior case

brought by the plaintiff, the Third Circuit affirmed the

District Court's award of summary judgment against the

plaintiff, and noting that the plaintiff's instant complaint may

also be malicious because it duplicates two suits previously

dismissed by the District Court); cf. 28 U.S.C. § 1915(g) ("In

no event shall a prisoner bring a civil action or appeal a

judgment in a civil action or proceeding under this section if

the prisoner has, on 3 or more prior occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); <u>Hickson v. Mauro</u>, 2011 WL 6001088, *1 (D.N.J. 2011) (citing <u>Lister v. Dept. of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005)) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.")).

Plaintiff has filed dozens of the same cases against a repetitive and ever-growing list of defendants, with all those cases being dismissed, primarily because of the venue Plaintiff has chosen to bring his claims once he was barred from Florida state court, which had fully adjudicated Plaintiff's claims on the merits. (See Docket No. 70 at 182-197.) This Court finds that in the interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets, an injunction against Plaintiff from litigating his claims concerning the money laundering fraud scheme against any defendant he believes is liable for that scheme without first obtaining permission from this Court may be warranted.[16]

---

[16] Defendants seek that the Court enjoin Plaintiff from bringing his claims in any forum. This Court, however, can only exercise

Accordingly, the Court will decline to transfer Plaintiff's action to the Middle District of Florida, and will dismiss Plaintiff's claims against all Defendants with prejudice.[17] Plaintiff shall be afforded 20 days to show cause as to why he should not be enjoined from filing any complaint in this District without first seeking judicial approval so that the Court may screen his complaint to determine whether it falls within the scope of the preclusion order.[18]

An appropriate Order will be entered.


Date:  December 18, 2018          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

its jurisdiction to issue a litigation preclusion order in this District.

[17] In light of the dismissal of Plaintiff's claims, his various affirmative Motions [75, 81, 87, 90, 91, 115, 124] will be denied as moot.

[18] The Court will also issue an similar Order to Show Cause in Plaintiff's two other cases, 1:18-cv-09658-NLH-JS and 1:18-cv-15352-NLH-JS.