```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

ALBERT ROBINSON,

    Plaintiff,

    v.

SECTION 23 PROPERTY OWNER'S
ASSOCIATION, INC., et al.,

    Defendants.

1:16-cv-09384-NLH-JS

**OPINION**

**APPEARANCES:**

ALBERT ROBINSON
P.O. BOX 1961
SUWANEE, GA 30024
    *Plaintiff appearing pro se*

GREGG DOUGLAS WEINSTOCK
VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER LLP
300 GARDEN CITY PLAZA
SUITE 308
GARDEN CITY, NY 11 530
    *On behalf of Defendants Section 23, Property Owner's Association, Inc., James Shaefer, John McNamara, Auto Owners Insurance Co., The Law Firm of Henderson, Franklin, Starnes & Holt, P.A., Richard Barton Akin, II, Michael Paul Versnik, and Patricia Schaefer*

DAVID JAMES MELVIN
FRESH LEGAL PERSPECTIVE, PL
6930 W. LINEBAUGH AVE
TAMPA, FL 33625
    *On behalf of Keathel Chauncey, Fresh Legal Perspective, Ellie Teng, Scott Hundley, Zachary Heathcote, Suzanne Barnhart, Bruce Emerson, Bonafide Properties, LLC, David Melvin, and Chelsea Smith-Scott*

GARY ROBERT SHENDELL
LINDSAY SAMANTHA KATZ
SHENDELL & POLLOCK P.L.
2700 N. MILITARY TRAIL
SUITE 150
BOCA RATON, FL 33431
   *On behalf of Defendants Curtright Collins Truitt and The*
   *Law Firm of Curtright C. Truitt PA*

STAN WISNIEWSKI
25164 MARION AVENUE
PUNTA GORDA, FL 33950
   *Defendant appearing pro se*

STEVEN JOSEPH BUTCHER
1720 E C478
WEBSTER, FL 33597
   *Defendant appearing pro se*

JAMIE ELAINE MILLER
1720 E C478
WEBSTER, FL 33597
   *Defendant appearing pro se*

DEVIN CRAIG SHULER
18081 BRACKEN CIRCLE
PORT CHARLOTTE, FL 33948
   *Defendant appearing pro se*

DAVID KEITH OAKS
P.O. BOX 473
LYNN, NC 28750-0473
   *Defendant appearing pro se*

**HILLMAN**, District Judge

On December 18, 2018, this Court dismissed the complaint filed by Plaintiff, Albert Robinson, appearing *pro se*, against twenty-six individual and corporate defendants. Plaintiff's claims related to the possession and ultimate foreclosure of his mother's home in Punta Gorda, Florida, where he and his family resided, and his contention that all the defendants have

liability under the Racketeer Influenced Corrupt Organization Act (RICO), among other claims. (Docket No. 125.)

The Court determined that personal jurisdiction was lacking over all the defendants in this Court. (Id. at 19.) In deciding whether to transfer or dismiss Plaintiff's case, the Court assessed, pursuant to 28 U.S.C. § 1915(a)(1), whether Plaintiff's complaint, as well as his other essentially identical cases pending before this Court, were frivolous or malicious. (Id. at 27.) The Court also considered whether an injunction prohibiting Plaintiff from litigating his claims concerning the alleged money laundering and fraud scheme in this District without first obtaining permission from this Court was warranted. (Id. at 28.)

On the first point, the Court determined to dismiss Plaintiff's complaint, rather than transfer his case to another district. In making that determination, the Court noted, "Plaintiff has filed dozens of the same cases against a repetitive and ever-growing list of defendants, with all those cases being dismissed, primarily because of the venue Plaintiff has chosen to bring his claims once he was barred from Florida state court, which had fully adjudicated Plaintiff's claims on the merits." (Id.) The Court dismissed Plaintiff's claims against all defendants with prejudice because, in addition to their harassing nature, no amendment could cure their viability

in this Court. On the second point, the Court provided Plaintiff with 20 days to show cause as to why a litigation preclusion order should not be entered against him. (Id. at 29.)

Plaintiff timely filed a response to the Court's Order. (Docket No. 127.) Plaintiff's response reasserts his claims against the defendants and reargues why personal jurisdiction can be exercised over the defendants. To the extent that the Court construes Plaintiff's submission as a motion for reconsideration,[1] the Court will decline to reconsider its

---

[1] A motion for reconsideration may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i): The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); U.S. v. Tuerk, 317 F. App'x 251, 253 (3d Cir.

decision.[2]  With regard to the Court's intention to issue a

---

2009) (quoting Mayberry v. Maroney, 529 F.2d 332, 336 (3d Cir. 1976)) (stating that "relief under Rule 60(b) is 'extraordinary,' and 'may only be invoked upon a showing of exceptional circumstances'").

[2] In addition to his rearguments as to why personal jurisdiction exists over the defendants, Plaintiff contends that the Court should not have dismissed his claims for lack of personal jurisdiction "with prejudice," because such a determination is not on the merits of his claims, and therefore his claims should have been dismissed "without prejudice."  Plaintiff is generally correct that a court's assessment of personal jurisdiction does not necessarily consider the merits of a plaintiff's claims, but that observation is only relevant to the doctrine of claim preclusion, which the Court did not specifically consider, and it is not relevant to whether the Court's determination of the issue of personal jurisdiction is final.  See Prospect Funding Holdings, LCC v. Breen, 2018 WL 734665, at *6 (D.N.J. 2018) (quoting 18 Wright & Miller, Federal Practice & Procedure § 4432 (3d ed. 2016)) ("A judgment dismissing an action for want of personal jurisdiction . . . may be clearly final and preclusive on the jurisdiction issue, but it is not on the merits for purposes of claim preclusion."); Eason v. Linden Avionics, Inc., 706 F. Supp. 311, 317 (D.N.J. 1989) (citing 18 Federal Practice and Procedure § 4432 at 298) ("Under the doctrine of issue preclusion, even a 'non-merits judgment' is conclusive as to those matters actually adjudged, and thus "[w]hile a judgment dismissing an action for lack of personal jurisdiction may not be on the merits for purposes of claim preclusion, it may be preclusive on the jurisdiction issue.").  Contrary to Plaintiff's argument, this Court is not prohibited from dismissing claims with prejudice for lack of personal jurisdiction, particularly when the dismissal of those claims is also based on their frivolous and malicious nature.  See Kennedy v. Help at Home, LLC, 731 F. App'x 105, 108 (3d Cir. 2018) ("Kennedy has not argued, either before the District Court or on appeal, any other basis to support personal jurisdiction. Because she has not identified an adequate basis for exercising personal jurisdiction over Help at Home, dismissal with prejudice was proper."); Stampone v. Fopma, 2013 WL 5937428, at *2 (D.N.J. 2013) ("There is no reasonable basis for haling Defendants to federal court in New Jersey.  As there is no personal jurisdiction, this case is dismissed, with prejudice."); Veliz v. Americorp Builders, Inc., 2007 WL

litigation preclusion order against him, Plaintiff states that he objects to the imposition of such an order "for the record" as a part of his appeal of the Court's dismissal of his case.[3] (Docket No. 127 at 11.)

In addition to his response to the Court's Order to Show Cause, Plaintiff has also filed a document styled, "Emergency Stay and a request to be represented by the U.S. Attorney's office pursuant to 25 U.S. CODE § 175 - UNITED STATES ATTORNEYS TO REPRESENT INDIANS." (Docket No. 128.) That statute provides, "In all States and Territories where there are

---

1746248, at *4–5 (D.N.J. 2007) (dismissing the complaint with prejudice for lack of personal jurisdiction); Magla Products, L.L.C. v. Chambers, 2006 WL 2846274, at *6 (D.N.J. 2006) (same); Fleming v. Chiesa, 2012 WL 2523076, at *4 (D.N.J. 2012) ("Plaintiff's Complaint is frivolous and malicious and will be dismissed with prejudice in accordance with 28 U.S.C. § 1915(e)(2)."); cf. Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991) ("Under 28 U.S.C. § 1291[,] only final orders are appealable.  A final order is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.  In general, this court has held that orders dismissing complaints without prejudice are not final within the meaning of Section 1291 because the plaintiff may cure the deficiency and refile the complaint.  If the plaintiff cannot cure the defect that led to dismissal or elects to stand on the dismissed complaint, however, we have held that the order of dismissal is final and appealable." (internal citations omitted)).

[3] Plaintiff submitted his response to the Court's Order to Show Cause on January 2, 2018.  On January 7, 2018, Plaintiff filed a notice of appeal with the Third Circuit Court of Appeals.  (Docket No. 129.)  Despite Plaintiff's appeal, this Court may still address the outstanding issue of the litigation preclusion order.  See Fed. R. App. P. 4(a)(4).

6

reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175. Plaintiff claims that he is of Cherokee decent, as his father was part of the Eastern Band of Cherokees that remained in the state of Virginia. Based on his Native American heritage, Plaintiff has filed a request with the U.S. Attorney's Office in Tulsa, Oklahoma for representation in this case. Plaintiff asks that this Court stay any further action in this matter pending the response from the U.S. Attorney about his request.

Plaintiff has advanced this position in previous litigation, and his request has been denied each time. In a prior suit brought in this District in 2012 with mostly unrelated claims, Plaintiff sought counsel under 25 U.S.C. § 175. On appeal, the Third Circuit noted:

> Robinson renews his argument that he should have been represented below by the United States Attorney's Office under 25 U.S.C. § 175. That statute, which has not been amended since 1893, reads: "[i]n all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." We have not had occasion to address this law in a published opinion. However, the unanimous weight of authority suggests that the duty of representation contained therein is discretionary, not mandatory. See Mescalero Apache Tribe v. Martinez, 519 F.2d 479, 482 (10th Cir. 1975); Siniscal v. United States, 208 F.2d 406, 410 (9th Cir. 1953). While Robinson claims Cherokee ancestry, it is undeniable that this suit does not involve interests particular to American Indians or Tribes in any way. Nor does the discretionary duty of § 175 override the general test for appointment of counsel under the *in forma pauperis*

7

> statute, 28 U.S.C. § 1915(e)(1), under which we find no
> independent abuse of discretion by the District Court. See
> Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993)
> (articulating factors to be used in deciding to appoint
> counsel). Accordingly, appointment of counsel, either in
> general or under § 175, was not required.

Robinson v. New Jersey Mercer County Vicinage-Family Div., 514 F. App'x 146, 151 (3d Cir. 2013).

More recently in Robinson v. Section 23 Property Owner's Association, Inc., 2017 WL 2779843 (M.D. Fla. June 27, 2017), a case essentially identical to this one, Plaintiff requested the appointment of an Assistant United States Attorney to represent him pursuant to 25 U.S.C. § 175. The Middle District of Florida noted that it "has not located any Eleventh Circuit authority addressing this law at all, let alone in the context of appointment of counsel for an individual asserting the claims similar to Plaintiff's," and it referred to the Third Circuit's discussion of the issue. The Middle District of Florida concluded that it was "not of the view that this lawsuit involves interests particular to American Indians or Tribes, and, therefore, declines to exercise its discretion in appointing the United States Attorney to represent him." Robinson, 2017 WL 2779843, at *6.

This Court similarly finds that a stay of this matter is not warranted while Plaintiff's request for representation under 25 U.S.C. § 175 is being considered by the U.S. Attorney.

8

The Court therefore finds that there is no cause to delay the entry of a litigation preclusion order against Plaintiff for the reasons fully articulated in the Court's December 18, 2018 Opinion.  In the interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets, as of today, Plaintiff will be enjoined in this District from litigating his claims concerning the money laundering and fraud scheme alleged and as set forth in the Complaint in this matter against any defendant he believes is liable for that scheme without first obtaining permission from this Court.

A separate Order will be entered.


Date: January 22, 2019                    s/ Noel L. Hillman
At Camden, New Jersey                     NOEL L. HILLMAN, U.S.D.J.